UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Magistrate No. 07-0012 |
| RONALD LAWSON, | DAR |
| Defendant. | |

### MEMORANDUM OF FINDINGS OF FACT
### AND STATEMENT OF REASONS IN
### SUPPORT OF ORDER OF DETENTION

## I. **INTRODUCTION**

Defendant is charged by criminal complaint with bank robbery in violation of 18 U.S.C. §

2113(a). A consolidated preliminary hearing and detention hearing was conducted by the

undersigned United States Magistrate Judge on January 24, 2007.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of

counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18

U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of

Detention follow.

## II. **THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

condition or combination of conditions will reasonably assure . . . the safety of any other person

and the community, such judicial officer shall order the detention of the [defendant] before

trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon

United States v. Foster                                                                          2

which to order pretrial detention. <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987); <u>United

States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113

(3d Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before

trial if released. <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial

officer must determine that "it is more likely than not that no condition or combination of

conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780

F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release. 18 U.S.C.

§ 3142(g).

### III. DISCUSSION

The government's sole witness was F.B.I. Special Agent Daniel Bremer. Agent Bremer

testified that on January 9, 2007, the Defendant entered a Citibank located at 3917 Minnesota

Avenue, N.E., at approximately 2:22 p.m. and informed a teller that he wished to open up an

account with the bank. The teller told the Defendant to have a seat in the lobby and someone

United States v. Foster                                                            3

would help him. Agent Bremer then testified that after waiting approximately ten minutes the

Defendant approached another teller and gave him two business cards to simulate two forms of

identification and a note which read "give me $2,500 in $20 bills or someone dies and no dye

packs." The Defendant implied that he had a weapon by reaching into his coat pocket. The teller

gave the Defendant approximately $3000 from the drawer, none of it bait money. After receiving

the money, the Defendant left the bank on foot toward a shopping center.

On January 19, 2007, the Defendant returned to the Citibank located at 3917 Minnesota

Avenue, N.E., and passed a note to a teller demanding $20,000 or "someone would be hurt."

After passing the teller the note, the bank's silent alarm was activated and two plain clothes

officers of the Metropolitan Police Department, who were across the street, quickly came to the

bank and arrested the Defendant. Five of the six tellers who worked during the previous bank

robbery were present and identified the Defendant as the man who robbed the bank on January 9,

2007. In further support of the government's request for pretrial detention, counsel for the

government proffered the contents of the report prepared by the Pretrial Services Agency. The

report indicated that the Defendant had been convicted of a Bail Reform Act violation and for

violating a stay away order. Counsel for the government, in further support of the government's

request for pretrial detention, proffered that Defendant has an outstanding warrant in Superior

Court for a destruction of property charge.

Defendant neither offered nor proffered any evidence and submitted on probable cause.

The court found that there is sufficient evidence to find probable cause. Defendant's counsel

proffered that the Defendant's failure to appear was only a misdemeanor, and that he served 180

days for his sentence for violating a stay away order. Defendant's counsel also argued that the

United States v. Foster                                                                          4

Defendant should not be detained because there was no actual weapon used during the robberies.

Counsel for the Defendant stated that the Defendant does not have a stable place of residence and

asks that the court place him into a halfway house pending further proceedings.


## IV. <u>FINDINGS OF FACT</u>

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the

undersigned finds by a preponderance of the evidence that no condition of release or combination

of conditions will reasonably assure Defendant's appearance in court, and by clear and

convincing evidence that no condition of release or combination of conditions would reasonably

assure the safety of the community.

First, the nature and circumstances of the offense charged indicate that there is probable

cause that Defendant committed a crime of violence.

Second, for the reasons proffered by counsel for the government, the undersigned finds

that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of

particular significance is Defendant's criminal history: the Defendant has a prior Bail Reform

Act conviction; failed to appear for the destruction of property case pending in Superior Court;

and is charged with a bank robbery committed on January 9, 2007, and was arrested in the same

bank approximately a week later.  Moreover, Defendant's verifiable community ties are minimal.

Finally, the undersigned is satisfied that the toll which violence has taken, and continues

to take, upon this community is well-documented and need not be repeated here.  The

United States v. Foster                                                                     5

undersigned finds that the evidence offered and proffered by the government, compel the

conclusion that community would be endangered by Defendant's release, and that he is not

amenable to community supervision.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

bond pursuant to the January 24, 2007 Order of Detention.

DEBORAH A. ROBINSON
United States Magistrate Judge

February 9, 2007
    DATE

January 24, 2007
    NUNC PRO TUNC