IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: |
| | : | |
| v. | : | MAGISTRATE NO.: 07-012m |
| | : | |
| RONALD J. LAWSON | : | VIOLATIONS: |
| | : | |
| Defendant | : | 18 U.S.C. § 2113(a) |
| | : | (Bank Robbery; Attempt Bank Robbery) |
| | : | |

## I N F O R M A T I O N

The United States Attorney informs the Court that:

### COUNT ONE

On or about January 9, 2007, within the District of Columbia, RONALD J. LAWSON, by intimidation, force and violence, did take from the person or presence of another approximately $3,060.00 in money belonging to, and in the care, custody, control, management and possession of a financial institution, that is, the Citibank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(Bank Robbery, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT TWO

On or about January 17, 2007, within the District of Columbia, RONALD J. LAWSON, by intimidation, force and violence, did attempt to take from the person or presence of another approximately $600 in money belonging to, and in the care, custody, control, management and

possession of a financial institution, that is, the Citibank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(Attempt Bank Robbery, in violation of Title 18, United States Code, Section 2113(a)).

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

By: _____
     DEBRA L. LONG-DOYLE
     Assistant United States Attorney
     D.C. Bar Number 362518
     Federal Major Crimes Section
     555 4th Street, N.W., 11th Floor
     Washington, D.C. 20530
     (202) 305-0634
     Debra.Long-Doyle@USDOJ.Gov



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 30, 2007

BY FAX
Sean Moore, Esquire
625 Indiana Ave., NW
Suite 550
Washington, DC 20004

        Re: U.S. v. Ronald J. Lawson

Dear Mr. Moore:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Ronald J. Lawson ("your client" or "the defendant"). The offer to enter into this agreement will expire on February 9, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. Charges. Your client agrees to admit guilt and enter a plea of guilty to one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a). Specifically, your client agrees to plead guilty to Count One of the attached Information, which will be filed in the U.S. District Court for the District of Columbia.

    2. Potential penalties, assessments, and restitution. Your client understands that pursuant to 18 U.S.C. § 2113(a), Bank Robbery carries a maximum penalty of not more than 20 years in prison, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of Court, U.S. District Courthouse, pursuant to 18 U.S.C. § 3013. In addition to the other penalties provided by law, the Court also must order that your client make restitution to any victim bank, that is, Citibank, under 18 U.S.C. § 3663(a)(1)(A). Restitution is payable immediately unless ordered otherwise by the Court.

3.  <u>Additional charges</u>. In consideration of your client's guilty plea to Count One of the Information, the government agrees to dismiss Count Two of the Information at the time of sentencing. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

4.  <u>Factual Stipulations</u>. Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Factual Proffer in Support of Guilty Plea" as a written proffer of evidence.

5.  <u>Release/Detention pending sentencing</u>. Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client remain being detained without bond pending your client's sentencing in this case.

Sentencing Guidelines Stipulations

6. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), and 3553(c) through (e), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual - 2005 Edition</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

(a)  The parties agree that the defendant's Offense Level will be determined by the provisions contained in the Sentencing Guidelines, §2B3.1, "Robbery," and that, at a minimum, the Specific Offense Characteristics described below should apply. However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

<u>Citibank Bank Robbery</u>

| | |
|---|---|
| Base Offense Level - §2B3.1(a) | 20 |
| Property of Financial Institution - §2B3.1(b)(1) | + 2 |
| Death threat - §2B3.1(b)(2)(F) | + 2 |
| Total Offense Level | =24 |

(b)  <u>Acceptance of Responsibility</u>.

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate,

pursuant to §3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the government agrees that an additional 1-level reduction would be appropriate, pursuant to §3E1.1(b) of the Sentencing Guidelines, because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

      (c) <u>Guideline Departure</u>

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

<u>Agreement as to Sentencing Allocution</u>

7. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced.

<u>Court Not Bound by the Plea Agreement</u>

8. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

<u>Court Not Bound by the Non-Mandatory Sentencing Guidelines</u>

9. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is

understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

## Breach of Agreement

10. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

11. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

12. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

13. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

14. It is further agreed that should the conviction**[s]** following your client's plea**[s]** of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this

Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

Waiver of Right to DNA Testing

15. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

Complete Agreements

16. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

17. Your client further understands that this agreement only binds the Superior Court and Criminal Division of the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

18. If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

_____
Jeffrey A. Taylor,
United States Attorney

_____
Debra L. Long-Doyle
Assistant U.S. Attorney

**Defendant's Acceptance**

      I have read this plea agreement and carefully reviewed every part of it with my attorney, Mr. Moore.  I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it.  I fully understand this plea agreement and voluntarily agree to it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.


_____           _____
Date:                                                         Ronald J. Lawson


**Defense Counsel's Acknowledgment**

      I am Ronald J. Lawson's attorney.  I have reviewed every part of this plea agreement with him.  It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.


_____           _____
Date                                                         Sean Moore, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: |
| | : | |
| v. | : | MAGISTRATE NO.: 07-012m |
| | : | |
| RONALD J. LAWSON | : | VIOLATIONS: |
| | : | |
| Defendant | : | 18 U.S.C. § 2113(a) |
| | : | (Bank Robbery; Attempt Bank Robbery) |
| | : | |

**FACTUAL PROFFER**
**IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that on or about January 9, 2007, defendant Ronald J. Lawson robbed the Citibank located at 3917 Minnesota Avenue, N.E. and that on or about January 17, 2007, he attempted to rob the same bank.

<u>January 9, 2007 Bank Robbery</u>

On January 9, 2007 at approximately 2:22 p.m., defendant, RONNIE JEROME LAWSON, entered the Citibank located at 3917 Minnesota Avenue NE, Washington D.C. 20016, and asked the teller at counter #3 if he could open an account. The defendant was told to wait in the lobby until a representative was available to assist him. After waiting several minutes, defendant stood up and walked up to teller #1 who also advised him to wait in the lobby for a representative.

Defendant sat down briefly and thereafter stood in the teller line until teller #2 was available. Defendant then presented the victim teller at counter #2 with two business cards (to simulate two forms of identification) and a demand note with the following writing on it: "**$2500.00 dollars in cash, $20 dollar bills only or someone behind me dies...and no dye packs**." In addition, the

defendant on at least one occasion implied that he had a weapon by placing his right hand into his jacket. The defendant did not make any verbal contact with teller #2, the victim teller.

The victim teller first removed a total 53 $20 dollar bills from his top drawer and placed it into an electronic money counter. After realizing that this amount did not meet the demand of $2500.00, the victim teller removed a strap of $20 dollar bills totaling $2,000.00 from his bottom drawer and gave it to the defendant for a total of $3,060. No bait money or dye pack were given to the defendant. The defendant then fled the bank on foot toward an adjacent shopping center in an unknown direction.

January 17, 2007 Attempted Bank Robbery

On January 17, 2007, the defendant returned to the Citibank located at 3917 Minnesota Avenue, NE, Washington, D.C. 20016. Upon entering the bank he walked to the window of teller #4 and handed the teller a note which read **"$20,000 cash or someone dies and return the note."** Within seconds, the silent Bank alarm was activated, and members of the Sixth District Metropolitan Police Department arrived shortly thereafter and detained the defendant. After the defendant was identified by five of the six bank tellers who were present at the previous bank robbery as the person who had robbed the bank on January 9, 2007, he was placed under arrest.

In a subsequent videotaped statement which he gave after being advised of his Miranda rights, the defendant admitted that he had robbed the Citibank on January 9, 2007 and that he had attempted to rob the same bank on January 17, 2007.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to this offense . The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to

the offense of Bank Robbery in violation of 18 U.S.C. § 2113(a).

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            D.C. Bar Number 498610


By: _____
     DEBRA L. LONG-DOYLE
     Assistant United States Attorney
     D.C. Bar Number 362518
     Federal Major Crimes Section
     555 4th Street, N.W., 11th Floor
     Washington, D.C.  20530
     (202) 305-0634
     Debra.Long-Doyle@USDOJ.Gov

**Defendant's Acceptance of Factual Proffer**

       I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney, Sean Moore.  I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it.  I fully understand this Factual Proffer and voluntarily agree to it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.


_____          _____
Date                                         Ronald J. Lawson

**Defense Counsel's Acknowledgment**

       I am Ronald J. Lawson's attorney.  I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him.  It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.


_____          _____
Date                                         Sean Moore, Esquire