### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 07-049 (CKK) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| RONALD J. LAWSON | : | 18 U.S.C. § 2113(a) |
| | : | (Bank Robbery; Attempt Bank Robbery) |
| Defendant | : | |
| | : | |

### MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing to assist the Court in the sentencing of the defendant, Ronald J. Lawson.

### FACTUAL BACKGROUND

A.   January 9, 2007 Bank Robbery (Count One)

On March 20, 2007 before this Court, the defendant entered a plea of guilt to count one of an information charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(a).[1] The evidence proffered at the plea hearing, and accepted by the defendant as being true and correct revealed that on January 9, 2007 at approximately 2:22 p.m., defendant, RONNIE JEROME LAWSON, entered the Citibank located at 3917 Minnesota Avenue NE, Washington D.C. 20016, and asked the teller at counter #3 if he could open an account. The defendant was told to wait in the lobby until a representative was available to assist him. After waiting several minutes, defendant stood up and walked up to teller #1 who also advised him to wait in the lobby for a representative.

Defendant sat down briefly and thereafter stood in the teller line until teller #2 was available.

---

[1] Count Two of the Information charged the defendant with Attempted Bank Robbery, also in violation of 18 U.S.C. §2113(a). Count Two will be dismissed by the government at sentencing, in accordance with the plea agreement between the parties.

Defendant then presented the victim teller at counter #2 with two business cards (to simulate two forms of identification) and a demand note with the following writing on it: "**$2500.00 dollars in cash, $20 dollar bills only or someone behind me dies...and no dye packs**." In addition, the defendant on at least one occasion implied that he had a weapon by placing his right hand into his jacket. The defendant did not make any verbal contact with teller #2, the victim teller.

The victim teller first removed a total 53 $20 dollar bills from his top drawer and placed it into an electronic money counter. After realizing that this amount did not meet the demand of $2500.00, the victim teller removed a strap of $20 dollar bills totaling $2,000.00 from his bottom drawer and gave it to the defendant for a total of $3,060. No bait money or dye pack were given to the defendant. The defendant then fled the bank on foot toward an adjacent shopping center in an unknown direction.

  B. <u>January 17, 2007 Attempted Bank Robbery (Count Two)</u>

On January 17, 2007, the defendant returned to the Citibank located at 3917 Minnesota Avenue, NE, Washington, D.C. 20016. Upon entering the bank he walked to the window of teller #4 and handed the teller a note which read **"$20,000 cash or someone dies and return the note."** Within seconds, the silent Bank alarm was activated, and members of the Sixth District Metropolitan Police Department arrived shortly thereafter and detained the defendant. After the defendant was identified by five of the six bank tellers who were present at the previous bank robbery as the person who had robbed the bank on January 9, 2007, he was placed under arrest.

In a subsequent videotaped statement which he gave after being advised of his <u>Miranda</u> rights, the defendant admitted that he had robbed the Citibank on January 9, 2007 and that he had attempted to rob the same bank on January 17, 2007.

**GUIDELINE RANGE**

Undersigned counsel agrees with the United States Sentencing Guidelines ("U.S.S.G. or Guidelines") calculations prepared by the presentence report writer – that is that the base Offense level is 20, that there should be a 2 point increase because the property taken was that of a financial institution, and was an object of the offense, that there should be another 2 point increase because the defendant made a threat of death in the commission of the offense, and that there should be a 3 point decrease for acceptance of responsibility[2] bringing the total offense level to 21. The government further agrees that the defendant has 8 Criminal History Points and that his Criminal History Category should be IV. Thus the defendant's U.S.S.G. range of 57 to 71 months.

**THE COURT SHOULD IMPOSE A SENTENCE
WITHIN THE GUIDELINE RANGE**

In accordance with the agreement of the parties, the government submits that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). Accordingly, the Court should impose a prison term of between 57 to 71 months.

---

[2] The United States respectfully moves the Court pursuant to § 3E1.1(b) of the Guidelines, to adjust the defendant's offense level down one level, reflecting the defendants' early plea of guilty in this matter. As grounds for this request, the government cites the defendant's early determination to enter a plea of guilty in this matter. As a consequence, the resources of this Court, the United States Attorney's Office and the Federal Bureau of Investigation ("FBI") and the Metropolitan Police Department ("MPD") were conserved. The United States, FBI and MPD did not have to expend time, energy and resources in preparing for the trial in this matter and Court time was preserved as well.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610


By:            /S/
DEBRA L. LONG-DOYLE
Assistant United States Attorney
D.C. Bar Number 362518
Federal Major Crimes Section
555 4th Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 305-0634
Debra.Long-Doyle@USDOJ.Gov